UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN HOITT,

    Plaintiff,

v.                                        Case No:

CITIBANK, N.A. AND
CITIMORTGAGE, INC.,

                                         **DEMAND FOR JURY TRIAL**

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **STEPHEN HOITT** ("Mr. Hoitt" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against **CITIBANK, N.A.** ("Debt Owner") and **CITIMORTGAGE INC.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt by placing calls to Mr. Hoitt's Cellular Telephone using an Automatic Telephone Dialing System or an artificial or prerecorded voice after he expressly revoked consent for Defendants to place such calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **1** of **15**

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Hoitt, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Hoitt is the regular user and subscriber of the cellular telephone number 732-***-7642 ("Mr. Hoitt's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Debt Owner was and is an active bank with its headquarters located at 701 East 60th Street North, Sioux Falls, SD 57104.

8. At all times material hereto, Debt Collector was and is a foreign profit corporation with its principle place of business in the State of Missouri, and its registered agent, C T CORPORATION SYSTEM, is located at 1200 South Pine Island Road, Plantation, FL 33324.

9. Further, at all times material hereto, Debt Owner and Debt Collector are "Debt Collectors" as defined by Fla. Stat. § 559.55 (7).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **2** of **15**

10. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Hoitt's alleged debt.

11. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Hoitt's alleged debt for Debt Owner.

12. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Hoitt's information.

14. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Hoitt's information into Debt Owner's sales or customer systems.

15. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Mr. Hoitt.

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Hoitt's debt on behalf of Debt Owner

### *Statements of Fact*

18. Mr. Hoitt obtained a first mortgage owned by Debt Owner and serviced by Debt Collector, and a second mortgage owned and serviced by Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **3** of **15**

19. Sometime thereafter, Mr. Hoitt fell behind on his monthly payments for both the first and second mortgage.

20. In or around 2014, Mr. Hoitt began receiving calls from Debt Collector in an attempt to collect on the outstanding balances.

21. Mr. Hoitt answered one or more of Debt Collector's first few calls and demanded that they stop calling him.

22. Despite his request for Debt Collector's calls to stop, Debt Collector continued to call Mr. Hoitt's Cellular Telephone in attempts to collect a debt on behalf of Debt Owner.

23. Debt Collector called Mr. Hoitt's Cellular Telephone approximately fifty (50) more times over the next few months following Mr. Hoitt's demand to stop calling his Cellular Telephone.

24. After Debt Collector's calls finally stopped after a few months, Mr. Hoitt began to receive calls from Debt Owner in an attempt to collect the debt.

25. Mr. Hoitt answered one or more of Debt Owner's first few calls and demanded that they stop calling him.

26. Despite his request for Debt Owner's calls to stop, Debt Owner also continued to call Mr. Hoitt's Cellular Telephone in attempts to collect the debt.

27. Debt Owner continued to call Mr. Hoitt's Cellular Telephone, sometimes up to three times a day, over the next few years.

28. Mr. Hoitt has been harassed by Debt Collector's calls due to the frequency and timing of each of the calls.

29. Mr. Hoitt has been harassed by Debt Owner's calls due to the frequency and timing of each of the calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **4** of **15**

30. Under information and belief, each of the telephone calls identified in Paragraphs 23 and 27 were placed to Mr. Hoitt's Cellular Telephone number using an automatic telephone dialing system.

31. Under information and belief, Debt Collector did not place any calls to Mr. Hoitt for emergency purposes.

32. Under information and belief, Debt Owner did not place any calls to Mr. Hoitt for emergency purposes.

33. Debt Collector did not have Mr. Hoitt's express consent to make any of the telephone calls identified in Paragraph 12 to Mr. Hoitt's Cellular Telephone.

34. Debt Owner did not have Mr. Hoitt's express consent to make any of the telephone calls identified in Paragraph 16 to Mr. Hoitt's Cellular Telephone.

### *Count 1: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Collector)*

35. Mr. Hoitt re-alleges paragraphs 1-34 and incorporates the same herein by reference.

36. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

37. Mr. Hoitt revoked consent to have Debt Collector call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **5** of **15**

prerecorded message when he expressly told Debt Collector to stop calling him during one of Debt Collector's first few calls.

38. Despite this revocation of consent, Debt Collector thereafter called Mr. Hoitt's Cellular Telephone approximately fifty (50) times.

39. Debt Collector did not place any emergency calls to Mr. Hoitt's Cellular Telephone.

40. Debt Collector willfully and knowingly placed non-emergency calls to Mr. Hoitt's Cellular Telephone.

41. Mr. Hoitt knew that Debt Collector called Mr. Hoitt's Cellular Telephone using an ATDS because he heard a pause when he answered one of the first few calls from Debt Collector on his Cellular Telephone before a live representative of Debt Collector came on the line.

42. Mr. Hoitt knew that Debt Collector called Mr. Hoitt's Cellular Telephone using a prerecorded voice because he heard a recorded message when he answered at least one of the first few calls from Debt Collector on his Cellular Telephone before a live representative of Debt Collector came on the line.

43. Debt Collector used an ATDS when it placed at least one call to Mr. Hoitt's Cellular Telephone.

44. Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. Hoitt's Cellular Telephone.

45. Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Mr. Hoitt's Cellular Telephone.

46. Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. Hoitt's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **6** of **15**

47. At least one call that Debt Collector placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called by the dialing system.

48. At least one call that Debt Collector placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

49. At least one call that Debt Collector placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

50. At least one call that Debt Collector placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

51. At least one call that Debt Collector placed to Mr. Hoitt's Cellular Telephone was made using a prerecorded voice.

52. Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hoitt, for its financial gain.

53. Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hoitt's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **7** of **15**

54. The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hoitt, despite individuals like Mr. Hoitt revoking any consent that Debt Collector believes it may have to place such calls.

55. Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Hoitt's Cellular Telephone.

56. Debt Collector has corporate policies to abuse and harass consumers like Mr. Hoitt despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

57. Debt Collector's phone calls harmed Mr. Hoitt by trespassing upon and interfering with Mr. Hoitt's rights and interests in his Cellular Telephone line.

58. Debt Collector's phone calls harmed Mr. Hoitt by wasting his time.

59. Debt Collector's phone calls harmed Mr. Hoitt by causing him emotional distress.

60. Debt Collector's phone calls harmed Mr. Hoitt by being a nuisance and causing him aggravation.

61. Debt Collector's phone calls harmed Mr. Hoitt by causing a risk of personal injury to Mr. Hoitt due to interruption and distraction.

62. Debt Collector's phone calls harmed Mr. Hoitt by invading his privacy.

63. All conditions precedent to this action have occurred.

    **WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **8** of **15**

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Debt Collector; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

64. Mr. Hoitt re-alleges paragraphs 1-34 and incorporates the same herein by reference.

65. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

66. Mr. Hoitt revoked consent to have Debt Owner call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message when he expressly told Debt Owner to stop calling him during one of Debt Owners first few calls.

67. Despite this revocation of consent, Debt Owner thereafter called Mr. Hoitt's Cellular Telephone multiple times a day for a few years.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **9** of **15**

68. Debt Owner did not place any emergency calls to Mr. Hoitt's Cellular Telephone.

69. Debt Owner willfully and knowingly placed non-emergency calls to Mr. Hoitt's Cellular Telephone.

70. Mr. Hoitt knew that Debt Owner called Mr. Hoitt's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Owner on his Cellular Telephone before a live representative of Debt Owner came on the line.

71. Mr. Hoitt knew that Debt Owner called Mr. Hoitt's Cellular Telephone using a prerecorded voice because he heard a recorded message when he answered at least one of the first few calls from Debt Owner on his Cellular Telephone before a live representative of Debt Owner came on the line.

72. Debt Owner used an ATDS when it placed at least one call to Mr. Hoitt's Cellular Telephone.

73. Under information and belief, Debt Owner used an ATDS when it placed at least ten calls to Mr. Hoitt's Cellular Telephone.

74. Under information and belief, Debt Owner used an ATDS when it placed at least twenty calls to Mr. Hoitt's Cellular Telephone.

75. Under information and belief, Debt Owner used an ATDS when it placed all calls to Mr. Hoitt's Cellular Telephone.

76. At least one call that Debt Owner placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **10** of **15**

77. At least one call that Debt Owner placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

78. At least one call that Debt Owner placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

79. At least one call that Debt Owner placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

80. At least one call that Debt Owner placed to Mr. Hoitt's Cellular Telephone was made using a prerecorded voice.

81. Debt Owner has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hoitt, for its financial gain.

82. Debt Owner has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hoitt's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Owner's call list.

83. The structure of Debt Owner's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hoitt, despite individuals like Mr. Hoitt revoking any consent that Debt Owner believes it may have to place such calls.

84. Debt Owner knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **11** of **15**

individual's cellular telephones, like the calls that it placed to Mr. Hoitt's Cellular Telephone.

85. Debt Owner has corporate policies to abuse and harass consumers like Mr. Hoitt despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

86. As direct evidence of Debt Owner's corporate policies and procedures as described above, since July of 2013, Debt Owner has had at least fifteen (15) complaints regarding its telephone contact with consumers categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

87. Debt Owner's phone calls harmed Mr. Hoitt by trespassing upon and interfering with Mr. Hoitt's rights and interests in his Cellular Telephone line.

88. Debt Owner's phone calls harmed Mr. Hoitt by wasting his time.

89. Debt Owner's phone calls harmed Mr. Hoitt by causing his emotional distress.

90. Debt Owner's phone calls harmed Mr. Hoitt by being a nuisance and causing him aggravation.

91. Debt Owner's phone calls harmed Mr. Hoitt by causing a risk of personal injury to Mr. Hoitt due to interruption and distraction.

92. Debt Owner's phone calls harmed Mr. Hoitt by invading his privacy.

93. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **12** of **15**

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Debt Owner; and

    e. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collections Practices Act ("FCCPA")* *(as against Debt Owner)*

94. Mr. Hoitt re-alleges paragraphs 1-34 and incorporates the same herein by reference.

95. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

> Debt Owner violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Hoitt with such frequency as can reasonably be expected to harass Mr. Hoitt and by persistently and continuously attempting to collect a Debt after Mr. Hoitt demanded Debt Owner stop calling his Cellular Telephone.

96. As a result of the above violation of the FCCPA, Mr. Hoitt has been subjected to illegal collection activities for which he has been damaged.

97. Debt Owner's actions have damaged Mr. Hoitt by invading his privacy.

98. Debt Owner's actions have damaged Mr. Hoitt by causing his emotional distress.

99. Debt Owner's actions have damaged Mr. Hoitt by causing him embarrassment.

100. Debt Owner's actions have damaged Mr. Hoitt by causing him stress.

101. Debt Owner's actions have damaged Mr. Hoitt by causing him aggravation.

102. Debt Owner's actions have damaged Mr. Hoitt by harming his reputation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **13** of **15**

103. It has been necessary for Mr. Hoitt to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

104. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a. Awarding statutory damages as provided by § 559.77, Fla. Stat.;

b. Awarding actual damages;

c. Punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by Debt Owner; and

f. Any other and further relief as this Court deems equitable.

Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **14** of **15**

## **DEMAND FOR JURY TRIAL**

Plaintiff, **STEPHEN HOITT**, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 25, 2017**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. CitiBank, N.A. and CitiMortgage, Inc.*
Page **15** of **15**